## JOHN J. MERRITT
### *v.*
## MORTIMER D. SIMPSON *et al.*

1. GUARDIAN AND WARD — *power of the former to mortgage the real estate of the latter.* The 134th section of the statute of "wills" provides that real estate may be mortgaged by a guardian, *provided*, the mortgage shall not be for a longer term than until the heir entitled to such real estate shall attain the age of twenty-one years, if a male, or eighteen years if a female.

2. So a mortgage in fee executed by a guardian upon the ward's land, being wholly unauthorized by the statute, is nugatory and void, so far as the interests of the ward are involved.

APPEAL from the Circuit Court of Winnebago county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

The facts of this case are sufficiently stated in the opinion of the court.

Mr. E. S. SMITH, for the appellant.

Messrs. LATHROP & BAILEY and LELAND & BLANCHARD, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

There is but one point of any importance presented by this record.

The facts are, that Henry L. Simpson, of Rockford, in the county of Winnebago, died intestate, on the 1st of January, 1851, seized and possessed of the south-west quarter of section 19, township 44 north, range 2 east, except the east forty acres and the middle one-third of the east two-fifths of lot six (6), in block twenty-nine (29), being twenty feet and eight inches front, by sixty-six feet deep, in Rockford. He left a widow, Abigail H. Simpson, and the appellees, together with Ernest L. Simpson, his only children and heirs at law, whose ages ranged from six to twelve years. He left no debts, and had personal assets amounting to $4,692. The widow died in January, 1858, and Ernest, an infant, then eight years old, died in March, of the same year. The widow administered on the estate of her husband, and was also appointed guardian of the children.

In 1855 and 1856, without any order of the court of probate, the administratrix built a store on this city lot, at a cost of four or five thousand dollars, using the moneys of the estate for the purpose.

In December, 1856, Mrs. Simpson, as guardian, filed a petition in the probate court, for leave to mortgage the lands of these heirs, in order to raise money to pay liabilities incurred by her in building the store, and stated the amount necessary to be raised at $2,000, which she averred she could borrow at a rate of interest not exceeding ten per centum per annum.

The court granted the prayer of the petition and authorized her, as such guardian, " to mortgage or pledge the real estate of the estate and of the heirs, or so much thereof as might be necessary, or as she, as guardian, might deem needful, to raise a sum not exceeding $2,500, for a term not longer than      years, and at a rate of interest not exceeding ten per cent per annum, the interest to be made payable at such time and in such place as the mortgage or pledge might specify, etc."

Under this authorization, the guardian, on the 13th of January, 1857, applied to appellant, then a resident of the city of New York, for a loan of $2,000, and obtained it for one year at ten per cent per annum interest, and on that day she, as guardian, executed a note for the amount, and a mortgage on the land and lot mentioned to secure the same. The mortgage was executed by Mrs. Simpson, in her own name, as guardian of the children, and not in the names of the heirs, by her as guardian. The money thus obtained was used in erecting a brick store on the city lot, which was soon completed, and brought a large rent.

On the 4th of February, 1860, appellant filed his bill of complaint to foreclose this mortgage, in which he prayed a decree for the amount of the money loaned, with ten per cent interest.

The mortgage was made in the name of the guardian, and it is alleged in the bill, it was so made and given as the mortgage of the wards, and to secure the money used in the building, and that the money was so used, and that complainant lent his money on the security of that property.

Many and various points are made by the counsel on both sides of this cause, and they are supported by able arguments, but we do not consider it necessary to examine and discuss them in detail, believing the whole matter must be and can be fully adjusted by reference to the statute entitled " Wills."

Section 134 of that act provides, that " real estate may be mortgaged or leased by executors or guardians, *provided* such mortgage or lease shall not be for a longer term than until the heir entitled to such estate shall attain the age of twenty-one years, if a male, or eighteen years, if a female." Scates' Comp. 1212.

The mortgage executed by this guardian was a mortgage in fee, and, as such, wholly unauthorized by the statute. It is a proceeding, statutory altogether, and not being in pursuance of it, we must hold it nugatory and void, so far as appellee's interests are involved.

It is suggested that the mortgage might be held good, at least for the minority of the infants. This might be so, but the

record does not show that the minority has not terminated, so that there is nothing before us on which to base such a decree.

We do not deem it important to discuss the question arising under section 135 of the statute of wills, requiring of the guardian a bond for the due application of the moneys to be raised on the mortgage, to be executed on obtaining the order, inasmuch as, the mortgage being in fee, it was unauthorized by the statute and can not be enforced.

The decree is in all things affirmed.

*Decree affirmed.*